IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : 3:15-CR-176 |
| | : |
| v. | : (Judge Mannion) |
| | : |
| PEDRO NORIEGA | : (Electronically Filed) |

**SENTENCING MEMORANDUM**

**Procedural History**

On August 18, 2015, a grand jury sitting in the Middle District of Pennsylvania issued a one-count Indictment charging Pedro Noriega with possession with the intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Doc. 1). Noriega appeared before this Honorable Court for purposes of an initial appearance and arraignment on August 25, 2015, at which time he entered a plea of "not guilty" to the Indictment. (Doc. 9). He was ordered detained pending trial. (Doc. 14). On October 29, 2015, Noriega signed a written plea agreement, wherein, *inter alia*, he agreed to plead guilty to the Indictment. The plea agreement was filed on November 6, 2015. (Doc. 20). Noriega appeared before this Honorable Court and entered a plea of "guilty" to the Indictment on November 23, 2015. A presentence report (PSR) has been disclosed and reviewed by the parties. There are no objections to the PSR.

**Argument**

In *United States v. Lofink*, 564 F.3d 232 (3d Cir. 2009), the Third Circuit reaffirmed its well-established three-step sentencing procedure that it first set forth in *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006), *viz.*, 1) a calculation of the guidelines; 2) including a formal ruling on any departure motions, and; 3) consideration of the relevant § 3553(a) factors.

### 1) Calculation of the Guidelines

The advisory guideline range has been properly calculated in the PSR. Because he is classified as a career offender, Noriega was placed in an Offense Level of 29. His Criminal History Category is VI; and, the resulting the advisory guideline range in this matter is between 151 and 188 months' imprisonment. (PSR ¶ 64).

### 2) Departure Considerations

The Defendant is not seeking a formal departure recognized in the Guidelines Manual.

### 3) Consideration of the Relevant §3553(a) Factors

At the third, and final, step in the Third Circuit's sequential sentencing procedure, this Honorable Court exercises its "discretion by considering the relevant § 3553(a) factors in setting the sentence" it deems reasonable "regardless

whether it varies from the sentence calculated under the Guidelines." *United States. v. Lofink*, 564 F.3d 232, 238 (3d Cir. 2009). *See also United States v. Tomko*, 562 F.3d 558 (3d Cir. 2009) (en banc) ("...if the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."). The sentencing statute, 18 U.S.C. § 3553, states: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Defendant respectfully maintains that application of the following factors set forth in § 3553(a) weigh in favor of a sentence of no more than ten years.

**1. The Nature and Circumstances of the Offense**

The details of the instant offense have been fully set in the PSR. (PSR ¶¶ 3-6). In short, Pedro Noriega was involved in the distribution of heroin in Luzerne County, and, on April 16, 2015, he arranged to sell 100 bags of heroin to a confidential informant. A search of Noriega's residence revealed and additional 495 bags of heroin and 16.6 grams of unpackaged heroin. Noriega committed this offense while on bail for a heroin offense in Luzerne County. As with his prior drug convictions, when Noriega was confronted by police on these two most recent arrests, he was fully compliant and did not in any way resist. He immediately submitted to the authorities and accepted responsibility for his actions. In both this

case and his pending Luzerne County case, Noriega entered prompt guilty pleas and did not in any seek to obstruct or delay his prosecutions.  All of his prior convictions are based on guilty pleas.

### 2.     The History and Characteristics of Pedro Noriega

In addressing Noriega's past, his criminal history must first be discussed.  The Presentence Report references ten separate drug trafficking convictions.  (PSR ¶¶ 24,25,26,27, 28, 29, 34, 35, 36 and 38).  While Noriega's drug trafficking is clearly related to his drug addiction, which will be addressed below, it is undeniable that his recidivism causes pause.  However, it should also be noted that when these convictions are more closely scrutinized, it reveals that all of these convictions relate to three troublesome periods in Noriega's life.  The first six convictions outlined in the PSR at Paragraphs 24, 25, 26, 27, 28 and 29 all occurred during a six month period in 1994 in Lehigh County during which time Noriega was age 20 or 21.  Each conviction involved a small street level sale of cocaine, the vast majority of the convictions involved the sale of one bag.  All of these six convictions were consolidated for sentencing, and resulted Noriega serving the maximum of five years in prison.  He was released from incarceration on these six sentences on September 1, 2001.  Two months later, Noriega sustained a conviction for endangering the welfare of a child and reckless endangerment. He was paroled on November 2, 2004, and some 10 months later, the next "group"

of three drug trafficking convictions ensued.  Like the first set of Noriega's drug convictions, these three all occurred in a very short time period, the month of September, 2005.  (PSR ¶¶ 34, 35, and 36).  Again, all three convictions were consolidated and Noriega was released on May 19, 2010, after serving four years.  The most productive, and crime free period of his adult life followed.  Noriega refrained from drug trafficking for over four years until he relapsed into the conduct that led to the instant Luzerne County and Federal prosecutions.  During that time, he had employment as a laborer, (PSR ¶56), and was enrolled in community college, (PSR ¶ 54).  More importantly, he was involved in substance abuse and mental health counseling which helped to moderate his behavior.

  Noriega's drug trafficking is a direct result of his drug addiction.  Paragraphs 49 through 52 of the PSR, as well as the Second Addendum, provide an outline of Noriega's life-long substance abuse comorbid with mental health issues.  Noriega was raised by an alcoholic abusive father and felt compelled to leave home at age 16.  At that same time, be began abusing alcohol and smoking large amounts of marijuana.  At age 21 he used PCP occasionally and developed a 50 to 60 bag per day heroin addiction.  As the PSR reflects, he attended inpatient treatment, outpatient treatment, daily methadone therapy and mental health treatment.  He has been diagnosed as opiate dependent and bipolar.  The Second Addendum to the

PSR summarized best the period in Noriega's life between his release from state prison in 2010 and his instant legal troubles:

> Pedro Noriega participated in inpatient treatment at Choices, Kingston, in October 2011. Following discharge, he was involved in the outpatient program referred to as Partial Hospitalization Program. The defendant was successfully discharged on February 16, 2012. According to records, "He had an extensive history of drug and alcohol abuse, recovery, and relapse. But he had been doing extremely well with the combination of the Partial program and AA. Client completed his current outpatient program. He attended couples and individual sessions as required. He was very cooperative and enthusiastic in both types of sessions. He continues to experience adjustment issues with his wife and children but has agreed to pursue couple's therapy and encourage his wife to seek domestic violence therapy. The client is at moderate risk for relapse as long as he continues to attend multiple weekly AA meetings and utilize his sober social support network. His relationship issues with his wife must continue to be addressed in order for him to fully participate in his recovery."

The fact that Noriega refrained from drug trafficking during his period of recovery demonstrates that his criminality is the direct result if his intractable heroin addiction. If Noriega can stop using heroin, he would stop selling it.

Despite his drug use and drug crimes, Noriega possesses many positive characteristics. He is a devoted husband and father and loves his family. His wife, Rachel, will appear at sentencing and demonstrate this side of Noriega to the Court.

> **3. The Need for the Sentence Imposed-- (A) to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense; (B) to Afford Adequate Deterrence to Criminal Conduct; (C) to Protect the Public from Further Crimes of the Defendant; and (D) to Provide the Defendant with Needed**

### Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

(A)     *Punishment*

A decade in prison is more than sufficient punishment for low level drug trafficking, even for a recidivist such as Noriega. Absent the career offender enhancement, Noriega would face a fraction of the guideline range that he now faces. The United States Sentencing Commission reports that "[o]ver the last five years, the rate of within range sentences for career offenders has decreased from 33.2% in fiscal year 2010 to 27.5% in fiscal year 2014." United States Sentencing Commission, Quick Facts Career Offenders, attached as Exhibit A. Almost half of career offenders receive Government sponsored departures and an additional 25% receive below guideline variances. *Id*. Perhaps this trend in sentencing career offenders follows the national trend toward lowering sentences for nonviolent drug offenders. A sentence of ten years would be stiff punishment for Noriega's conduct. Mandatory drug treatment, however, would reduce his risk of further recidivism and help him become a productive citizen.

(B)     *General Deterrence*

The concept of general deterrence in a case like this is, at best, theoretical. Noriega's actions were not calculated or rational. He sold heroin to fuel a 50+ bag per day addiction and avoid severe withdrawal symptoms which would occur within hours of stopping use in a serious addict like Noriega. Drug

traffickers in his position are more concerned with warding off withdrawal than the long term consequences of their actions. A decade in jail, however, is significant deterrence to any rational individual considering selling heroin.

### (C)  Recidivism

As noted above, the best way to protect society and prevent recidivism from this defendant is through effective substance abuse treatment.

### (D) Correctional Treatment

Again, Noriega would benefit from intense treatment and respectfully requests that the Court recommend that the Bureau of Prisons place him in the residential drug abuse program.

**4      The Need to Avoid Unwarranted Sentence Disparities among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct**

As noted above, only 27% of sentences imposed on career offenders are within the guidelines. A modest variance to 10 years would not promote disparity in sentencing but rather reflect the unique circumstances of this offense and the defendant before the Court.

WHEREFORE, the Defendant, Pedro Noriega, respectfully requests that this Honorable Court impose a sentence of ten years.

Respectfully submitted,

Date: March 15, 2016                s/Leo A. Latella
**Leo A. Latella**
**Assistant Federal Public Defender**
**Attorney ID# PA68942**

116 North Washington Avenue, Suite 2-C
Scranton, Pennsylvania  18503
(570) 343-6285
Fax:  (570) 343-6225
Email: leo_latella@fd.org
Attorney for Pedro Noriega

# CERTIFICATE OF SERVICE

I, Leo A. Latella, Assistant Federal Public Defender, do hereby certify that this document, the foregoing **Sentencing Memorandum,** filed electronically through the ECF system will be sent to the registered Participants as identified on the Notice of Electronic Filing, including the following:

        Robert J. O'Hara, Esquire
        Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at Scranton, Pennsylvania, addressed to the following:

        Pedro Noriega

Date: March 15, 2016        s/Leo A. Latella
                                              **Leo A. Latella**
                                              **Assistant Federal Public Defender**