

▶ THERE WERE 75,836 CASES REPORTED TO THE UNITED STATES SENTENCING COMMISSION IN FISCAL YEAR 2014.

▶ OF THESE CASES, 2,269 INVOLVED CAREER OFFENDERS.[1]

▶ IN 91.3% OF THESE CASES, THE CAREER OFFENDER STATUS INCREASED THE GUIDELINE RANGE.

### Career Offenders[1]

### Who is a Career Offender?

Career Offenders are persons who commit a crime of violence or drug trafficking crime after two prior felony convictions for those crimes.[2] To implement the provisions of 28 U.S.C. § 994(h), the sentencing guidelines assign all career offenders to Criminal History Category VI and to offense levels based on the statutory maximum penalty of the offense of conviction. USSG §4B1.1.

### Offender and Offense Characteristics

- In fiscal year 2014, the overwhelming majority of career offenders were male (97.5%).
- Nearly sixty percent of career offenders were Black (59.7%) followed by White (21.6%), Hispanic (16.0%), and Other Races (2.7%).
- The average age of these offenders at sentencing was 38 years.
- Nearly all career offenders were United States citizens (97.7%).
- Three-quarters of career offenders were sentenced for a drug trafficking offense (74.1%) followed by robbery (11.6%), and firearms offenses (5.4%).
- Nearly sixty percent (59.1%) would have had a Criminal History Category lower than VI if the career offender provision had not applied. Approximately one quarter (23.4%) would be in CHC V and another quarter (24.5%) would be in CHC IV.
- Districts with the highest proportion of their overall caseload comprising career offenders were:
  ♦ Middle District of Tennessee (14.4% of the overall caseload);
  ♦ Middle District of Pennsylvania (11.8%);
  ♦ District of Maryland (11.8%);
  ♦ Western District of Tennessee (10.5%); and,
  ♦ Eastern District of Arkansas (10.2%).

### Punishment

- Almost all career offenders were sentenced to imprisonment (99.5%).
- The average sentence for career offenders was 147 months.

### Impact of Career Offender Status[3]

- For almost half of these offenders (46.3%), USSG §4B1.1 increased both the final offense level (FOL) and criminal history category (CHC). For these offenders, the average FOL was 31 with §4B1.1 and 23 without, a difference of eight offense levels. The average CHC was VI with §4B1.1 and IV without, a difference of two criminal history categories.
- About one-third of offenders (32.6%) had a higher FOL after application of §4B1.1 but the same CHC (VI). For these offenders, the average FOL was 30 with §4B1.1, and 23 without, a difference of seven offense levels.

**Number of Career Offenders**

- FY 2010: 2,314
- FY 2014: 2,269

| Top Five Districts Career Offenders FY 2014 |
|---|
| District of Maryland (N=87) |
| Middle District of Florida (N=65) |
| Southern District of New York (N=64) |
| Southern District of Florida (N=61) |
| Western District of Texas (N=59) |

**Sentence Length of Career Offenders FY 2014**



- 5 to 10 years: 25.0%
- 10 to 20 years: 50.9%
- Less than 5 years: 10.3%
- 20 years or more: 13.8%

[1] Cases in which the court applied USSG §4B1.1 and where the Commission received complete guideline information were included in this analysis.

[2] In some cases, a state offense classified under state law as a misdemeanor (e.g., in Iowa, Massachusetts, and Michigan) is considered to be a felony for the purpose of determining career offender status under §4B1.1.

[3] Cases missing Ch. 2 guideline data and cases in which §4B1.1(c) applied were excluded for this part of the analysis. Cases where both §4B1.1 and §4B1.4 (Armed Career Criminal) applied were assigned to the provision with the higher offense level.

# Quick Facts

## Impact of Career Offender Status[3] (continued)

- An additional 12.4% of offenders had a higher CHC after application of §4B1.1 but the same or lower FOL. The average CHC was VI with §4B1.1 and CHC IV without.

- For the remaining 8.7% of offenders, application of the career offender guideline had no impact because the FOL and CHC otherwise applicable were both the same or higher than after application of §4B1.1.

## Sentences Relative to the Guideline Range

- Over the last five years, the rate of within range sentences for career offenders has decreased from 33.2% in fiscal year 2010 to 27.5% in fiscal year 2014.

- The rate of government sponsored below range sentences for career offenders has generally increased from 38.0% in fiscal year 2010 to 45.6% in fiscal year 2014.
    - Substantial assistance departures were granted for approximately one-quarter of career offenders over each of the last five years.
        - In fiscal year 2014, these offenders received an average reduction in their sentence of 47.6%.
    - A growing proportion of career offenders received a below range sentence sponsored by the government for reasons other than substantial assistance or participation in an Early Disposition Program.
        - The rate of other government sponsored below range sentences has increased slowly in recent years, from 10.9% in fiscal year 2010 to 14.9% in fiscal year 2013, but increased substantially to 20.4% in fiscal year 2014.
            - In fiscal year 2014, these offenders received an average reduction in their sentence of 40.3%.

- The rate of non-government sponsored below range sentences for career offenders has generally increased in recent years, but decreased from 28.3% in fiscal year 2013 to 25.9% in fiscal year 2014.
    - In fiscal year 2014, these offenders received an average reduction in their sentence of 34.9%.

- The average guideline minimum for career offenders has decreased in recent years, while average sentences have decreased in each of the last five years.
    - The average guideline minimum has decreased from 226 to 207 months during that period;
    - The average sentence imposed decreased from 170 to 147 months.

## Career Offenders



Sentence Relative to the Guideline Range



Government Sponsored Below Range Sentences FY 2014



Average Sentence and Average Guideline Minimum (in months)

---

[4] "Early Disposition Program (or EDP) departures" are departures where the government sought a sentence below the guideline range because the defendant participated in the government's Early Disposition Program, through which cases are resolved in an expedited manner. See USSG §5K3.1.

SOURCE: United States Sentencing Commission, 2010 through 2014 Datafiles, USSCFY10-USSCFY14.

For other **Quick Facts** publications, visit our website at www.ussc.gov/Quick_Facts.



One Columbus Circle, N.E.
Suite 2-500, South Lobby
Washington, DC 20002-8002
T: (202) 502-4500
F: (202) 502-4699
www.ussc.gov
@theusscgov